IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARCUS HONZU,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-292 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **WARDEN, ROSS CORRECTIONAL INSTITUTION,** *et al.*, | : | Magistrate Judge Jolson |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter comes before this Court on Petitioner Marcus Honzu's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendation (ECF No. 10). In her Report and Recommendation, the Magistrate Judge recommended that this Court dismiss Petitioner's Complaint (ECF No. 8). The Magistrate Judge also recommended that, given the nature of certain of Honzu's allegations targeting persons who were not named as defendants, the Court grant Honzu 30 days to file an Amended Complaint to add those parties and provide additional detail. The Magistrate Judge recommended, however, that this action be dismissed in its entirety if Honzu fails to amend his Complaint within the time period. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and **OVERRULES** Petitioner's Objections (ECF No. 15). Petitioner's Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff Marcus L. Honzu is a prisoner at Lebanon Correctional Institution. (ECF No. 8). In his Complaint, Honzu alleges that he was subjected to "physical, mental, and emotional

abuse" at multiple prisons by prison staff and their agents as retaliation for exposing a "COVID-19 cover up" at the Noble Correctional Institution ("NCI") in 2020. (*Id.* at 6). The Complaint names the following parties as defendants: the Warden of NCI; the Warden of Ross Correctional Institution ("RCI"); the Medical Department at RCI; Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); and Mike DeWine, the Governor of Ohio. (*Id.* at 1, 3).

The relevant facts alleged by Honzu are as follows. Honzu was an inmate at NCI in 2020. (*Id.* at 6). In or around September 2020, Honzu reported that NCI personnel had engaged in a "cover-up" to avoid reporting or providing treatment for inmates who had contracted COVID-19. (*Id.* at 8). In response to his reporting of this wrongdoing, he was written up on a "false" conduct report. (*Id.*). While awaiting the disciplinary process, Honzu was placed in segregated housing, his legal mail was opened without his presence or consent, and his property was stolen. (*Id.*). At Honzu's hearing, he was found guilty despite having never before been found in violation of prison rules. (*Id.*). As a result, Honzu's security level was increased, his fiancé was banned permanently from visiting, and he was transferred to RCI. (*Id.*). Honzu identified the NCI Investigator as the person who wrote the false conduct report and Unit Manager Hyatt—who is possibly the same individual—as the person who placed Honzu into isolated housing. (*Id.* at 8–9).

Honzu was transferred to RCI in January 2021, where he continued to suffer retaliative treatment and abuse. (*Id.* at 9). Unidentified RCI officers allegedly ignored Honzu's documented medical requirements, to which Honzu protested. (*Id.* at 9–10). As punishment for complaining, Honzu was locked in a room where RCI Lieutenant Spenagle repeatedly threatened to subject

2

him to gang violence. No action was taken when Honzu complained to the RCI inspector. (*Id.* at 11).

Sure enough, Honzu was soon thereafter placed in a cell with a known gang member by unit staff. He was additionally subjected to false conduct reports after officers planted drugs and a phone in his cell and assaulted by an inmate on the orders of prison staff after he refused to pay them bribes. (*Id.* at 10–11). He was then denied access to the institutional grievance procedure to address his mistreatment. (*Id.* at 11). Honzu further alleges that he suffered an asthma-induced "medical situation" in May 2021 which RCI medical personnel refused to address. (*Id.*). RCI medical personnel instead assumed that he was using drugs and placed him in a "drunk tank" for over five hours. (*Id.*). During this period, he was harassed by "officers and staff." (*Id.*). Although Honzu tested negative for the suspected substance use, his inhaler was taken from him. (*Id.*). The medical personnel did not return his inhaler until three days later. (*Id.* at 12). Honzu suffered multiple asthma attacks in the interim. (*Id.* at 11).

At some point after Honzu's trip to the medical unit, the RCI Inspector began harassing him personally and denied or refused to investigate his claims and grievances. (*Id.* at 12). Nonetheless, two grievances that Honzu filed concerning the mishandling of his legal mail were granted while other grievances alleging violations of the legal mail policies were denied. (*Id.*). In August 2021, Honzu again went to the medical unit where he was denied medical attention and harassed by "two Superior officers." (*Id.* at 13). In November 2021, an officer broke Honzu's television and threatened him with assault from gang members if Honzu reported him. (*Id.* at 13). About a week later, he learned that "there was a death threat on [his] life by some officers who had been threatening him." (*Id.*). Honzu alleges that, after he requested assistance from the Warden, he was put in segregation under investigation and punished. (*Id.*). Honzu alleges that,

3

throughout his time at RCI, he was unable to have visits or receive money from visitors in violation of the ODRC Visiting Policy. (*Id.*). He was eventually transferred to Lebanon Correctional Institution, where he now resides. (*See id.* at 4).

### B. Procedural Background

Honzu, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel, filed his *pro se* Complaint on June 3, 2022. (ECF No. 8). His complaint alleges that the named defendants, via their direct or indirect actions, caused Honzu to suffer cruel and unusual punishment in violation of his Eighth Amendment rights. Honzu also brings a litany of state law-based causes of action stemming from the named Defendants' alleged actions and inactions. Honzu seeks compensatory and punitive damages in the amount of $2,100,000.00. He also asks that two individuals be again permitted to visit him, that the ODRC implements an oversight process for the grievance procedure, and that he be returned to his previous security level.

The Magistrate Judge issued her Report and Recommendation on July 29, 2022, determining that Honzu's complaint fails to state a claim on which relief may be granted with respect to the named Defendants. (ECF No. 10). The Report and Recommendation notes that most of Honzu's factual allegations are directed against non-defendant individuals or against unidentified parties. (*Id.* at 1). The Report and Recommendation then engaged with Honzu's specific claims against individuals and entities who *were* named as Defendants. (*Id.* at 8).

The Report and Recommendation recommended dismissing Honzu's claims against the State of Ohio and the ODRC because such claims are barred by the Eleventh Amendment and because neither entity is a "person" that may be sued under § 1983. (*Id.* at 8–9) ((quoting *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (explaining that "[t]he [Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a

4

damages action against a State in federal court.")). The Report and Recommendation also recommended dismissing Honzu's claims against Governor Mike DeWine and ODRC Director Chambers because Eleventh Amendment immunity "extends to state officials sued in their official capacity" for damages. (*Id*. at 10) (quoting *Smith v. DeWine*, 476 F. Supp. 3d 635, 650–51 (S.D. Ohio 2020)). The Report and Recommendation also noted that the pair cannot be held liable in their individual capacities based on Honzu's allegations that they oversaw subordinates who engaged in wrongful behavior. (*Id.*) (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)).

The Report and Recommendation next turned to Honzu's claims against the NCI Warden and the RCI Warden (*Id*. at 11). The Magistrate Judge recommended dismissal of the claims against the NCI Warden because Honzu's complaint contains no specific allegations against the Warden. (*Id.*). With respect to the RCI Warden, Honzu's complaint contained three allegations: (1) that the RCI Warden denied Honzu the ability to utilize the grievance procedure; (2) that the RCI Warden allowed the RCI Inspector to harass Honzu in the Warden's presence; and (3) that the RCI Warden failed to protect Honzu after his life was threatened by the RCI officers. (*Id.* at 12–14). According to the Report and Recommendation, however, none of these allegations, even if proven, constituted a deprivation of a *constitutional* right as required to sustain a § 1983 claim. (*Id*.). As such, the Report and Recommendation recommended the dismissal of Honzu's claims against the RCI Warden. (*Id.* at 16).

The Report and Recommendation turned finally to Honzu's claims against the RCI Medical Department. Honzu alleged that the Medical Department repeatedly denied him medical care and failed to protect him from harassment by "two Superior Officers" while housed in its facility. (*Id.* at 16–17). The Magistrate Judge construed Honzu's allegations to contain a claim

that the Medical Department was "deliberately indifferent" to Honzu's "serious medical needs" in violation of the Eighth Amendment. (*Id.* at 17) (citing *Murray v. Dep't of Corr.*, 29 F.4th 779, 786 (6th Cir. 2022)). The Report and Recommendation recommended dismissing Honzu's claims against the Medical Department because it, like the State of Ohio and the ODRC, is not a "person" that can properly be sued under § 1983. (*Id.* at 18) (citing *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006)).

The Report and Recommendation thus recommended that Honzu's complaint be dismissed. (*Id.*). It found, nonetheless, that the following claims could be rendered cognizable if Honzu amended his complaint to name an appropriate defendant and provide more detail: (1) Honzu's allegations that prison officers retaliated against him for exposing the COVID-19 "cover-up" by assaulting Honzu and making threats to his life; and (2) Honzu's allegations that that he was denied due process at his hearing before NCI's Rules Infractions Board. (*Id.* at 18–20, 22–23). The Report and Recommendation found that the first claim implicates Honzu's claims of retaliation under the First Amendment and of failure to protect or deliberate indifference under the Eighth Amendment. (*Id.* at 24). It found that the second claim implicates his claims of denial of due process under the Fourteenth Amendment. (*Id.*). The Report and Recommendation therefore recommended that this Court grant Honzu 30 days to file an Amended Complaint against the appropriate defendants with respect to those claims. (*Id.*). If Honzu does not avail himself of the opportunity to do so, however, the Report and Recommendation recommends dismissal of this action in its entirety. (*Id.*). Honzu timely filed objections to the Report and Recommendation. (ECF No. 15).

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III. LAW AND ANALYSIS

In his objections, Honzu contests the Magistrate Judge's Report and Recommendation only to the extent it recommends dismissal of his lawsuit if he cannot amend his defective complaint. (ECF No. 15 at 2). Honzu acknowledges, however, that his complaint is possibly defective given "his inability to articulate the necessary case law and[/]or language to establish and present his civil rights claim under 42 U.S.C. [§] 1983." (*Id.*). Honzu nonetheless asserts that he "will disregard the threats made to him by staff members if he doesn't drop his claims" and amend his complaint if this Court permits. (*Id.* at 3).

7

This Court has reviewed *de novo* the Report and Recommendation as it relates to Honzu's objections and finds it to be correct in all respects. Honzu's objections acquiesce largely to the Report and Recommendation and thus fail to contest it substantively. Consequently, Honzu's objections are overruled. *See Frazier v. Woods,* No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that, "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his . . . claims."). This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

For the reasons provided, this Court **ORDERS** as follows:

1. Magistrate Judge Jolson's Report and Recommendation (ECF No. 10) is **ADOPTED** as the opinion of the Court.

2. Petitioner's Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**.

3. Petitioner's Objections (ECF No. 15) are **OVERRULED**.

4. Petitioner is **DIRECTED** to file an amended complaint in this matter consistent with the instruction provided in the Magistrate Judge's Report and Recommendation within 30 days from the issuance of this Order. If Petitioner fails to do so, this Court will dismiss this action in its entirety.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** December 28, 2022