UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARCUS HONZU,

        **Plaintiff,**

    v.

JOHN DOE [1] – CHIEF INSPECTOR OF ODRC, *et al.*,

        **Defendants.**

Case No. 2:22-cv-292
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**ORDER and**
**REPORT AND RECOMMENDATIONS**

This civil rights action was brought by Marcus Honzu, a state prisoner proceeding without the assistance of counsel. The matter is currently before the Court on Plaintiff's motion to appoint counsel (Doc. 27), and his motion to amend or supplement the Amended Complaint with additional claims against new defendants (Doc. 28). The Undersigned's Report and Recommendation screening the Amended Complaint is pending. (Doc. 23).

The Undersigned **DENIES** at this time the motion to appoint counsel (Doc. 27) and **RECOMMENDS** that the Court **DENY** Plaintiff's motion to further amend or supplement the Amended Complaint (Doc. 28), without prejudice to him presenting the new claims in a separate action.

**I.    Motion to Appoint Counsel**

Plaintiff seeks appointed counsel to assist him with the claims that may be proceeding in this case. (Doc. 27). He asserts that his claims are difficult to articulate and that he has been deprived of his legal materials while held in segregated housing. (*Id.*).

The Court previously denied Plaintiff's requests for appointed counsel, noting that it would "consider a renewed motion for appointment of counsel if this matter proceeds past motions to dismiss and motions for summary judgment." (Doc. 4, PageID 19). The case is not yet at that stage.

As noted previously, there is no constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Id*. at 605–06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Accordingly, Plaintiff's motion to appoint counsel (Doc. 27) is **DENIED** at this time. If this matter proceeds past motions to dismiss and motions for summary judgment, Plaintiff may renew his motion. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) (district courts considering motions for appointment of counsel "should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit").

## II.     Motion to Amend or Supplement the Amended Complaint

In this uncaptioned motion, Plaintiff raises several issues. (Doc. 28). He primarily seeks "permission from the Court to further Amend my Complaint to add more prison officials" with

respect to alleged constitutional violations that occurred after the events described in the Amended Complaint.  (*Id.*; *see* Doc. 20).  This motion should be denied without prejudice to Plaintiff presenting the claims in a new complaint in a separate case.

First, allowing an additional amended or supplemental complaint at this point would cause additional delay in a case that has already been pending for some time.  Plaintiff first approached this Court for relief in a January 2022 letter.  (*See* Doc. 1).  He submitted his original Complaint a few months later in June 2022.  (Doc. 8).  Finding no plausible claims in it, the Undersigned recommended that the original Complaint be dismissed but that Plaintiff be allowed to file an amended complaint addressing certain issues.  (First Report and Recommendation, Doc. 10).  The District Judge agreed (Doc. 17), and Plaintiff thereafter submitted an Amended Complaint, which was received and filed in February 2023.  (Doc. 20).

The Undersigned recommended that some claims in the Amended Complaint be permitted to proceed and that some claims be dismissed.  (Second Report and Recommendation, Doc. 23). No objections to this recommendation were received—although Plaintiff says in his new motion that he submitted objections.  (*See* Doc. 28, PageID 264).

In May 2023, summons were issued to two Defendants.  (Doc. 22).  Service of the Amended Complaint on six additional Defendants was ordered in June 2023.  (Doc. 25-1, 26). Four unidentified John or Jane Doe Defendants have not been served.  The Second Report and Recommendation is pending; answers to the Amended Complaint have not yet been filed.

Second, the proposed claims appear to concern different defendants and actions that occurred at a different prison than those claims already before the Court.  Plaintiff's original Complaint (Doc. 8) concerned events that allegedly occurred while Plaintiff was in custody at Noble Correctional Institution (NCI) and later after he was transferred to Ross Correctional

3

Institution (RCI). (Doc. 8, PageID 40, 45; *see also* First Report and Recommendation, Doc. 10, PageID 58-61). Plaintiff's Amended Complaint (Doc. 20) also concerned events at NCI and RCI. Plaintiff named thirteen Defendants at NCI and/or RCI in his Amended Complaint. (Doc. 20, PageID 129; *see also* Second Report and Recommendation, Doc. 23, PageID 183).

The Undersigned recommended that the following claims against NCI and RCI staff be allowed to proceed:

1. The First Amendment <u>retaliation claims</u> against Defendants John Doe [3], Hyatt, Diehl, Spetnagel, Lyons, DePugh, Rosenberger, and Anthony (also referred to as John Doe [6]). (*See* Section III.B.1).

2. The First Amendment <u>interference with privileged legal mail claim</u> against Defendants John Doe [3] and John or Jane Doe [4]. (*See* Section III.B.2).

3. The Eighth Amendment <u>deliberate indifferent to serious medical needs claims</u> against Defendants John or Jane Doe [2] and John or Jane Doe [5]. (*See* Section III.C.1).

4. The Eighth Amendment <u>failure to protect claim</u> against Defendant Spetnagel. (*See* Section III.C.2).

5. The Fourteenth Amendment <u>due process claims</u> against Defendants John Doe [3] and Cobb. (*See* Section III.D).

(Doc. 23, PageID 204–205). If the District Judge agrees with this recommendation, the case will proceed forward on several types of claims against two sets of staff at two different prisons.

Plaintiff was transferred from RCI to Lebanon Correctional Institution in February 2022. (Doc. 5; Doc. 28, PageID 262). He was then transferred to Chillicothe Correctional Institution (CCI), where he currently resides, around November 2022. (*See* Doc. 16; Doc. 28, PageID 262). Now, Plaintiff seeks to add claims against prison staff at CCI. (Doc. 28, PageID 262; Doc. 16). He does not attach a proposed second amended complaint or supplemental complaint to his motion, so it is unclear exactly who the new defendants would be. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach

4

a copy of the amended complaint."). The one person he mentions by name in the motion—Mr. Goble—is not already a named Defendant in this case. (*See* Doc. 28, PageID 263).

In the motion, Plaintiff alleges that he began to have issues with lost personal property, false conduct reports, harassment, threats, and retaliation when he arrived at CCI. (Doc. 28, PageID 262). While these allegations are arguably similar in nature to those in the Amended Complaint, they occurred at a different time and appear to be made against an entirely different set of defendants at an entirely different prison.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplements to a complaint. As Plaintiff has already amended his complaint once, the Court's permission or the opposing parties' consent is required to amend it again. Fed. R. Civ. P. 15(a)(2). The Court may also permit Plaintiff "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because a proposed second amended complaint or supplemental complaint was not provided here, and because the dates of all relevant events are not spelled out in Plaintiff's new motion, it is unclear which provision applies. *But see generally Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002) (noting that same standard of review and rationale apply to motions to amend under Fed. R. Civ. P. 15(a) and motions to supplement under Fed. R. Civ. P. 15(d)).

Trial courts have broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Allah v. Smith*, No. 2:22-cv-21, 2022 WL 4395680, at *3 (S.D. Ohio Sept. 23, 2022) ("Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to

5

reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings.") (cleaned up).

That said, not all claims against any defendants may be joined in one lawsuit. Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner my file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 Fed. App'x 308, 309 (6th Cir. 2001) (citation omitted) (denying proposed amendment adding new unrelated claims against new defendants); *Allah,* 2022 WL 4395680, at *4 (quoting Fed. R. Civ. P. 20(a)(2)(A)-(B)) (denying in part a motion to amend a complaint because the "new claim neither arises out of the 'same transaction, occurrence, or series of transactions or occurrences' as Plaintiff's other claims, nor does it involve 'any question of law or fact common to all defendants.'").

This is the case here. Plaintiff's claims against the NCI and RCI Defendants arise from events allegedly occurring at those institutions. Plaintiff's new suggested claims arise from events allegedly occurring two-prison-transfers later, at CCI. They appear to involve different defendants.[1] In some instances, the claims appear to have arisen years apart. (*Compare* Amended Complaint, Doc. 20, PageID 131 (alleging wrongdoing in September 2000) with Motion to Amend or Supplement, Doc. 28, PageID 263 (alleging wrongdoing in July 2023)).

---

[1] Plaintiff says in his motion that "[s]ome of prison staff from Ross Correctional Institution work [at] Chillicothe Correctional Institution as well," he does not identify any current Defendant who would be named as a defendant in an amended or supplemental pleading. (Doc. 28, PageID 262).

6

Plaintiff attempts to link the new claims to his previous claims by alleging that he is being retaliated against at CCI because he sued staff at RCI, which is located right across the street, and because "[t]hese staff members are [their] family and friends." (Doc. 28, PageID 263). In a similar case, the Court found such an argument to be an insufficient reason to combine two sets of claims and defendants into one lawsuit:

> [T]here is a clear demarcation between the initial Complaint and the Motion to Supplement. The Complaint targets events alleged to have occurred at Ross Correctional Institution ("RCI"), while the Motion to Supplement and related pleadings target events alleged to have subsequently occurred at Southern Ohio Correctional Facility in Lucasville ("SOCF") following Plaintiff's transfer there on September 28, 2021. Further, there is no overlap between the Defendants named in the initial Complaint and the Defendants named in the pleadings targeting events alleged to have occurred at SOCF. The only conceivable nexus between the events alleged to have occurred at RCI and the subsequent events alleged to have occurred at SOCF is Plaintiff's intimation that his transfer to, and alleged mistreatment at, SOCF were in retaliation for grievances he was pursuing at RCI. But this alleged nexus is not a proper basis for combining into one lawsuit unrelated claims against different defendants. *Allah*, 2022 WL 866295 at *2 (discussing Fed. R. Civ. P. 20(a)(2), and citing *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018)).
>
> When it appears that unrelated claims against different defendants are improperly pleaded in a single lawsuit in violation of Fed. R. Civ. P. 20, the proper remedy is to sever those claims and/or defendants, and dismiss them without prejudice to the plaintiff raising them in a separate case, *see* Fed. R. Civ. P. 21. Of course, in the instant case, if the Court accepts the Undersigned's recommendation that Plaintiff's Motion to Supplement be denied, then the Court would not have before it claims or defendants to sever. In any event, the Undersigned will recommend that the Motion to Supplement be dismissed without prejudice to Plaintiff raising his [new] allegations and defendants in a separate case.

*Brown v. Cool*, No. 2:21-cv-5146, 2022 WL 1236477, at *1–2 (S.D. Ohio Apr. 26, 2022) (internal citations omitted), *report and recommendation adopted*, 2022 WL 17537736 (S.D. Ohio Dec. 8, 2022). The Undersigned **RECOMMENDS** the same here: the Court should **DENY** Plaintiff's motion to amend or supplement his Amended Complaint and advise Plaintiff that if he wishes to

7

pursue his claims against staff at CCI for events occurring at CCI, he should bring those allegations in a proper new complaint in a new case.

## III.    Other Issues

Plaintiff says that he has not heard a response to the objections he submitted to the Second Report and Recommendation. (Doc. 28, PageID 264). As noted above, that Report and Recommendation, issued May 17, 2023, is pending before the District Judge. But no objections appear on the docket from Plaintiff. Should Plaintiff wish to file late objections, he may file a motion seeking leave to do so.

Plaintiff notes that he has not heard from any of the Defendants after they were served. (Doc. 28, PageID 264). The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet for his review. The docket reflects that some summons were issued, but the date that service was completed—if it was successfully completed—is not apparent. Once the U.S. Marshal's Office affects service on Defendants, they will have twenty-one (21) days to respond. Fed. R. Civ. Pro. 12(a)(1)(A)(i).

Plaintiff also alleges that CCI staff are interfering with his "legal mail" from the Court and shortening his deadlines to respond. (Doc. 28, PageID 265). He may include this claim in the anticipated complaint he may file against CCI staff.[2]

Finally, Plaintiff says that he would like to apply for an injunction to protect his "legal mail" and to prevent retaliation and the loss or destruction of his evidence. (Doc. 28, PageID 265). He refers to motions that may have been intended to be attached to or enclosed with his motion to amend or supplement the Amended Complaint. (*Id*.; *see also* PageID 262). The Undersigned

---

[2] The Undersigned expresses no opinion on whether these eventual claims will have merit. (*See* Doc. 23, PageID 189-191 (discussing Plaintiff's existing "legal mail" claims).

notes that no other motions were filed along with the two motions considered in this order.  (Doc. 27, 28).  A motion for temporary restraining order or a preliminary injunction under Fed. R. Civ. P. 65 against CCI staff would more properly be filed in the new anticipated new case against those defendants.

**IV.**     **Summary and Conclusion**

The Undersigned **DENIES** Plaintiff's motion to appoint counsel at this time.  (Doc. 27). The Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's motion to further amend or supplement his Amended Complaint (Doc. 28) without prejudice to him presenting the new claims in a separate case.  The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet for this case, with a copy of this Order and Report and Recommendation, for his review.  Lastly, the Clerk of Court is **DIRECTED** to send a copy of this Order and Report and Recommendation to the Ohio Attorney General's Office, who represent defendants employed by the State of Ohio in similar matters, at 30 E. Broad St., Ste 23rd Floor, Columbus, OH 43215.

**VI.**     **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


Date:  August 31, 2023                               /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE