IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS HONZU, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cv-292** |
| | : | |
| v. | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| WARDEN, ROSS CORRECTIONAL | : | **Magistrate Judge Jolson** |
| INSTITUTION, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

On May 17, 2023, the United States Magistrate Judge issued an Order and Report and Recommendation (ECF No. 23) conducting an initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2) of Plaintiff Marcus Honzu's Amended Complaint (ECF No. 20). The Report and Recommendation recommended that this Court dismiss several claims brought by Honzu against the thirteen Defendants but permit several other of his claims to proceed. Honzu did not object. For the reasons explained below, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 23).

## I.  BACKGROUND

Honzu, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted his original Complaint on June 3, 2022. (ECF No. 1). Having found that Honzu's Complaint failed to state a claim upon which relief may be granted, the Magistrate Judge recommended that it be dismissed in her July 29, 2022 Report and Recommendation. (ECF No. 10). Specifically, the Report and Recommendation found that Honzu's allegations against the named Defendants were not cognizable and that most of his factual allegations were directed against non-defendant individuals or unidentified parties. (*Id*. at 1). Given the nature of Honzu's allegations, however, the Magistrate

1

Judge recommended that Honzu be granted thirty days to file an Amended Complaint naming the appropriate individuals and providing additional details for his factual claims. (*Id*. at 24). On December 28, 2022, this Court adopted the Report and Recommendation, directing Honzu to file an Amended Complaint consistent with the Magistrate Judge's direction within thirty days. (ECF No. 17 at 8).

On January 28, 2023, Honzu submitted his Amended Complaint. (ECF No. 20). The Amended Complaint was filed on February 2, 2023. (*Id*.). The Amended Complaint names thirteen Defendants, all of whom are associated with the Ohio Department of Rehabilitation and Correction ("ODRC") and/or one of two ODRC prisons: Noble Correctional Institution ("NCI") or Ross Correctional Institution ("RCI"). (*Id*.). Defendants and the claims against them are the following:

1. John Doe #1—Chief Investigator of ODRC (against whom Honzu brought a First Amendment claim for retaliation, an unspecified Fourteenth Amendment claim, a freestanding failure to investigate claim, and a freestanding claim based on threats and harassment to which Honzu was subjected);

2. John or Jane Doe #2—Medical Supervisor at NCI (against whom Honzu brought an Eighth Amendment claim for deliberate indifference to Honzu's serious medical needs and a freestanding civil conspiracy claim for taking part in a "COVID-19 Cover-Up" at NCI);

3. John Doe #3—Investigator at NCI (against whom Honzu brought First Amendment claims for retaliation and interference with legal mail, Fourteenth Amendment claims for writing a false conduct report and interfering with Honzu's right to present evidence at his resulting disciplinary hearing the loss of which resulted in sanctions, a

freestanding loss of personal property claim, and a freestanding civil conspiracy claim for taking part in a "COVID-19 Cover-Up" at NCI);

4. John or Jane Doe #4—Mailroom Supervisor at NCI (against whom Honzu brought a First Amendment claim for retaliation and interference with legal mail);

5. Mr. Hyatt—Unit Manager at NCI (against whom Honzu brought a First Amendment claim for retaliation, an Eighth Amendment claim for removing Honzu from the merit dorm in retaliation for reporting an alleged COVID-19 cover-up, and a freestanding civil conspiracy claim for taking part in a "COVID-19 Cover-Up" at NCI);

6. Mr. Cobb—RIB Lieutenant at NCI (against whom Honzu brought a First Amendment claim for retaliation and Fourteenth Amendment claims for writing a false conduct report and interfering with Honzu's right to present evidence at his resulting disciplinary hearing the loss of which resulted in sanctions);

7. Todd Diehl—Inspector at RCI (against whom Honzu brought First Amendment claims for retaliation and a freestanding failure to investigate claim);

8. John or Jane Doe #5—Medical Supervisor at RCI (against whom Honzu brought a First Amendment claim for retaliation and an Eighth Amendment claim for deliberate indifference to Honzu's serious medical needs);

9. Mr. Spetnagel—Lieutenant at RCI (against whom Honzu brought First Amendment claims for retaliation and an Eighth Amendment claim for failure to protect);

10. Ms. Lyons—Sergeant/Rules Infraction Board ("RIB") Hearing Officer at RCI (against whom Honzu brought a First Amendment claim for retaliation and a Fourteenth Amendment claim for denying as irrelevant certain evidence that Honzu intended to present at his disciplinary hearing);

11. Thomas DePugh (or Depugh)—Correctional Officer at RCI (against whom Honzu brought a First Amendment claim for retaliation and Eighth Amendment claims for planting contraband in Honzu's prison cell in retaliation and writing a false conduct report);

12. Mr. Rosenberger—Correctional Officer at RCI (against whom Honzu brought a First Amendment claim for retaliation, an Eighth Amendment claim for writing a false conduct report, and an unspecified Fourteenth Amendment claim); and

13. John Doe #6 (also referred to as "Officer Anthony")—Correctional Officer at RCI (against whom Honzu brought a First Amendment claim for retaliation, a freestanding loss of personal property claim, and a freestanding claim based on threats and harassment to which Honzu was subjected).

(*Id*. at 25).

On May 17, 2023, the Magistrate Judge issued an Order and Report and Recommendation ("R&R") after conducting an initial screening of Honzu's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e)(2). (ECF No. 23). The R&R recommended that this Court dismiss all Honzu's claims against Defendants in their official capacities. (*Id.* at 5–6). Further, the R&R recommended that this Court dismiss all Honzu's claims against Defendants *in their individual capacities* except for the following:

1. The First Amendment retaliation claims against Defendants John Doe #3, Hyatt, Diehl, Spetnagel, Lyons, DePugh, Rosenberger, and Anthony (also referred to as John Doe #6);

2. The First Amendment interference with privileged legal mail claims against Defendants John Doe #3 and John or Jane Doe #4;

3.  The Eighth Amendment deliberate indifference to serious medical needs claims against Defendants John or Jane Doe #2 and John or Jane Doe #5;

4.  The Eighth Amendment failure to protect claim against Defendant Spetnagel; and

5.  The Fourteenth Amendment due process claims against Defendants John Doe #3 and Cobb.

(*Id*. at 24–25).

The R&R also recommended the dismissal of Defendant John Doe #1 from this case because no claims will remain against him if this Court adopts the R&R. (*Id*. at 27). Finally, the R&R ordered Honzu to provide to the Clerk, within twenty-one days, the required summons forms and United States Marshal forms for Defendants Hyatt, Cobb, Spetnagel, Lyons, Rosenberger, and Anthony. (*Id*. at 27). Honzu submitted the forms within the provided timeframe. (ECF No. 24). Honzu did not object to the R&R.

## II.    STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id*.

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" his or her complaint or any portion of it that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.    LAW AND ANALYSIS

The Report and Recommendation informed the parties of their right to object within fourteen days. It also specifically advised the parties of the rights they would waive by failing to object, including the right to *de novo* review by the District Judge. (*Id*. at 27–28) (citing *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)). No objections have been filed, and the deadline lapsed on May 31, 2023.

This Court hereby **ADOPTS** the Report and Recommendation based on its independent consideration of the analysis therein. (ECF No. 23). Accordingly, Honzu may proceed on only the following claims against Defendants (and only in their individual capacities):

1.  The First Amendment retaliation claims against Defendants John Doe #3, Hyatt, Diehl, Spetnagel, Lyons, DePugh, Rosenberger, and Anthony (also referred to as John Doe #6);

2.  The First Amendment interference with privileged legal mail claims against Defendants John Doe #3 and John or Jane Doe #4;

3.  The Eighth Amendment deliberate indifference to serious medical needs claims against Defendants John or Jane Doe #2 and John or Jane Doe #5;

4.  The Eighth Amendment failure to protect claim against Defendant Spetnagel; and

5.  The Fourteenth Amendment due process claims against Defendants John Doe #3 and Cobb.

All remaining claims contained in Honzu's Amended Complaint (ECF No. 20) are hereby **DISMISSED**. Because there are no remaining claims against Defendant John Doe #1 due to this Order, he is **DISMISSED** from this matter.

     **IT IS SO ORDERED.**

                         **ALGENON L. MARBLEY**
                         **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 13, 2023**